NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA GROSSMAN, | No. 20-15356 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00493-DKW-RT |
| v. | |
| HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, AFSCME LOCAL 152,AFL-CIO; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| RUSSELL A. SUZUKI, in his official capacity as Attorney General of Hawaii, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Patricia Grossman appeals from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging a First Amendment claim arising out of union membership dues. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a decision on cross motions for summary judgment. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Grossman's claim seeking prospective relief because such claim is moot. *See Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-15 (9th Cir. 2018) (finding plaintiffs' claims for prospective relief moot when they resigned their union membership and presented no reasonable likelihood that they would rejoin the union in the future).

The district court properly dismissed Grossman's First Amendment claim challenging the exclusive bargaining representation arrangement for Hawaii public employees because Grossman failed to allege a plausible claim. *See Mentele v. Inslee*, 916 F.3d 783, 790-91 (9th Cir. 2019) (holding that exclusive bargaining arrangement is constitutionally permissible); *Bain*, 891 F.3d at 1211 (setting forth standard of review for motion to dismiss).

The parties agree that this court's intervening decision in *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), *cert. denied*, No. 20-1120, 2021 WL 2519114 (June

21, 2021), controls the outcome of Grossman's First Amendment claim arising from the collection of union dues under her membership agreement. We affirm the district court's summary judgment because Grossman affirmatively and voluntarily consented to the deduction of union dues. *See Belgau*, 975 F.3d at 950-52 (concluding that the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid paying union dues that were agreed upon under validly entered union membership agreements).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**